IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RALPH M. MAXWELL and
RHONDA MAXWELL                                            PLAINTIFF

        v.             Civil No. 09-5156

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                         DEFENDANT

## ORDER

On the 8th day of February 2010, the above referenced matter came before the Court for a hearing concerning

* **Plaintiff's Motion for Sanctions (doc. 16),** and

* **Defendant's Motion for Protective Order (doc. 20).**

Based on the pleadings of the parties, and the arguments presented at that hearing, the Court, being well and sufficiently advised finds and orders as follows:

1. Plaintiffs, Ralph M Maxwell and Rhonda Maxwell, filed their complaint in this matter on July 28, 2009, alleging claims against the defendant, Allstate Property and Casualty Insurance Company, for breach of contract, bad faith, and negligence. The claims relate to a fire which occurred January 4, 2009, and to a homeowners' insurance policy issued by defendant to plaintiffs with respect to the property involved in that fire.

2. On December 8, 2009 -- during the discovery process --

defendant filed a motion for protective order concerning the deposition of its Rule 30(b)(6) witness, which was scheduled for December 11, 2009.

Plaintiffs resisted the motion and, upon consideration of it, the Court entered an order December 9, 2009, denying the motion and noting that

> [a]lthough the defendant's motion establishes that it may be *inconvenient* for defendant's 30(b)(6) designated representative to be deposed on December 11, 2009, the motion simply does not establish good cause for the issuance of a protective order with respect to the deposition which has been scheduled since November 17, 2009.

(Order, doc. 15)

3. It appears that a deposition was taken on December 11, 2009. However, on December 28, 2009, plaintiffs filed the **Plaintiffs' Motion For Sanctions** now under consideration.

Defendant responded to the **Plaintiffs' Motion** and filed the **Defendant's Motion For Protective Order** also now under consideration.

4. Based upon the pleadings and the representations of counsel, it appears that the following sequence of events occurred after the entry of the Court's December 9, 2009 Order denying a protective order concerning the 30(b)(6) deposition which was to be held December 11, 2009:

* In reliance on the Court's December 9 Order, counsel for the plaintiffs prepared for the December 11 deposition, believing

that the 30(b)(6) witness which would be deposed would be one Christopher Daffin;

* On December 10, defendant's counsel notified plaintiffs' counsel via fax that defendant "will be unable to produce a Rule 30(b)(6) representative to testify as to those matters outlined in the notice for tomorrow's deposition." The fax went on to say that Mr. Daffin, the representative previously identified by the defendant as their 30(b)(6) witness was unavailable; and that a possible alternative, Mr. Pressley, was also unavailable.

* Plaintiffs' counsel responded by notifying defendant's counsel that he planned to appear in Little Rock for the deposition on the next day, December 11, 2009. Also in that response, plaintiffs' counsel stated:

> ^ that he expected defendant to have a deponent present and prepared to testify;
>
> ^ his belief that failure to produce a witness for deposition "will result in all remedies available under federal law;
>
> ^ that "It is not necessary that Mr. Daffin or Mr. Pressly be made available for deposition";
>
> ^ his suspicion that, given the near proximity of defendant's regional office in Nashville Tennessee, one [presumably a 30(b)(6) witness] could be made available; and

^   that he would be willing to delay the deposition until 10:30 A.M. if the defendant so requested.

\*   On December 11, 2009, defendant produced Vickie Downs, an Allstate Front Line Performance Leader based out of Little Rock, Arkansas, to be deposed.

\*   Ms. Downs testified that she was first notified at 3:30 p.m. the day before that she would be deposed and that she spent about two (2) hours preparing by reviewing the deposition notice and by discussing the issues with other Allstate employees.

5.   In **Plaintiffs' Motion**, they argue that Ms. Downs was an incompetent and unprepared witness as she was only able to fully discuss one (1) out of the sixteen (16) areas of inquiry set forth id plaintiffs' notice of deposition. Plaintiffs, therefore, seek sanctions under Rule 37(d), which allows for sanctions for the failure to appear of a 30(b)(6) witness. They say that because she was both incompetent and unprepared, the result was the same as if she had failed to appear at all.

Plaintiffs also argue that defendant's actions in failing to produce Mr. Daffin are in direct violation of this Court's December 9, 2009, Order.

In response, defendant argues that it produced a competent 30(b)(6) witness on December 11, 2009, "who ably testified as to the relevant topics in Plaintiffs' notice." Further, to the extent the witness was not able to testify to all the topics, "Defendant

-4-

certainly agrees to produce a witness or witnesses, as it was previously ready to do, to testify as to those topics if the Court deems any of them relevant."

Defendant further expounds upon the contentions in **Defendant's Motion** that most of the topics listed in plaintiffs' notice of deposition are irrelevant and not appropriate for discovery.

6. **Plaintiffs' Motion** -- As an initial matter, the Court must address whether defendant violated the Court's Order of December 9, 2009.

It is true, as argued by defendant, that the Court's Order of December 9, 2009, did not specifically direct that Mr. Christopher Daffin -- or any other particular individual -- be made available for deposition on December 11, 2009. However, it is also clear to the Court's satisfaction, that the Order directed that a 30(b)(6) deposition be then taken pursuant to plaintiffs' notice which had been upheld by the Court in the face of defendant's motion for a protective order. Accordingly, the Court has no hesitancy in declaring that, if defendant had taken the course of action implied in Mr. Cunningham's December 10, 2009, letter to Mr. George Mullican (i.e. "my client will be unable to produce a Rule 30(b)(6) witness representative to testify as to those matters outlined in the notice for tomorrow's deposition") and failed to produce any witness at all, defendant would have been in violation

of the Court's December 9, 2009, Order and sanctions would not only have been appropriate -- but well deserved. However, apparently prompted by Mr. Mullican's responding letter of December 10, 2009, defendant did, in fact, provide a witness for the deposition conducted on December 11, 2009.

In light of the communications of the parties prior to the filing of the defendant's initial motion for protection (particularly those specifically identifying Mr. Daffin as the witness), and the filings of the parties (prior to the entry of the December 9, 2009, Order) in which Mr. Daffin's availability was solely discussed, it is difficult not to conclude that defendant's actions nevertheless violated the *spirit* of the Court's Order. It is also difficult not to believe that defendant -- unhappy with the Court's denial of its motion for protective order and not wishing to inconvenience Mr. Daffin -- chose to circumvent the spirit of the Court's Order by producing a witness who, through no fault of her own, was not suitably and appropriately prepared to act as a 30(b)(6) witness for defendant. Such is not the type of professional and cooperative conduct the Court expects from counsel practicing before this Court.

Turning to plaintiffs' assertion that Ms. Downs was so unprepared for the deposition that, in fact, she essentially "failed to appear", the Court will reject it although it appears to be a rather close call. In the Court's view, it remains to be

seen whether other witnesses defendant will be compelled to provide per this Order will be any better prepared or will know any more about defendant's corporate positions than did Ms. Downs.

At least as the matter now stands, however, the Court is not disposed to sanction conduct which violates the "spirit" of one of its orders -- and not the "letter" thereof. It must be said, however -- and now is being said -- that if the Court detects a continuing pattern of obfuscation or perfidious conduct on the part of any attorney or party to this action during the discovery process or the trial of the case, it will sternly address the same and take such measures as are necessary to eliminate it. Accordingly, **Plaintiffs' Motion** will be taken under advisement for the time being, consistent with the rest of this Order.

7. **Defendant's Motion** -- The Court notes that the Federal Rule of Civil Procedure 26(b)(1) authorizes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- with relevancy, in a discovery context, having been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Defendant strongly asserts that most of the topics in the challenged notice are irrelevant and that many of the things sought to be inquired about do not even exist. It offers to stipulate to

those "facts". However, in the discovery process, a party is not obliged to accept its opponent's assertions about "facts" nor is a party required to accept a proffered stipulation concerning them.

Accordingly, having reviewed the issues set forth in plaintiffs' notice of discovery within those perimeters, and in the context of this case, the Court finds that **Defendant's Motion for Protective Order (doc. 20)** should be **denied.**

8. The Court will, therefore, order that, within thirty (30) days of the date of this order, defendant shall make available for deposition testimony a witness (or witnesses) who can properly be characterized as "the best and most suitably prepared" 30(b)(6) witness with respect to each area of inquiry set forth in plaintiffs' deposition notice. As soon as practicable after a deposition is taken, defendant is then ordered to submit to the Court a transcript of each deposition conducted. The Court will then review the transcripts -- comparing them to the deposition transcript of Ms. Downs -- to determine whether *both* the letter and spirit of its orders are being complied with.

9. In light of this Order, the Court's Scheduling Order is amended as follows:

(a) **<u>Discovery Cut-Off Date</u>** -- The Discovery cut-off date is extended from March 18, 2010, to **March 30, 2010.** Accordingly, paragraph 2 of the Court's September 15, 2009, Scheduling Order is amended to replace "March 18, 2010" with "March 30, 2010" wherever

needed.

(b) **Procedural And Dispositive Motions** -- The cut-off date for filing summary judgment or other dispositive motions is extended from March 29, 2010, to **April 10, 2010.** Accordingly, paragraph 3(b) of the Court's September 15, 2009, Scheduling Order is amended to replace "March 29, 2010" with "April 10, 2010".

(c) Except as amended hereby, the Court's September 15, 2010, Scheduling Order remains the same.

**IT IS, THEREFORE, ORDERED**

\* that **Plaintiff's Motion for Sanctions (doc. 16) is taken under advisement as set forth above**;

\* that **Defendant's Motion for Protective Order (doc. 20)** is **denied**; and

\* that, within thirty (30) days of the date of this order, defendant shall make available for deposition testimony a witness (or witnesses) who can properly be characterized as "the best and most suitably prepared" 30(b)(6) witness with respect to each area of inquiry set forth in plaintiffs' deposition notice. As soon as practicable after a deposition is taken, defendant is then ordered to submit to the Court a transcript of each deposition conducted. The Court will then review the transcripts -- comparing them to the deposition transcript of Ms. Downs -- to determine whether *both* the letter and spirit of its orders are being complied with.

**IT IS FURTHER ORDERED** that the Court's Scheduling Order of September 15, 2009, be amended as set forth in paragraph 9 of this Order.

**IT IS SO ORDERED** this 12th day of February, 2010.

                                  **/s/ Jimm Larry Hendren**
                                  **JIMM LARRY HENDREN**
                                  **UNITED STATES DISTRICT JUDGE**